This is a corrected version of the Memorandum and Order filed on February 14, 2007.



**SO ORDERED.**

**SIGNED this 22 day of February, 2007.**

Dale L. Somers
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **JOSHUA WHEELER and** <br> **BRANDI WHEELER,** <br><br> DEBTORS. | CASE NO. 05-19166 <br> CHAPTER 7 |
| **J. MICHAEL MORRIS, Trustee,** <br><br> PLAINTIFF, <br><br> v. <br><br> **JOSHUA WHEELER and** <br> **BRANDI WHEELER,** <br><br> DEFENDANTS. | ADV. NO. 06-5420 |

**MEMORANDUM AND ORDER DENYING TRUSTEE'S COMPLAINT FOR
TURNOVER AND TO REVOKE DISCHARGE OF BRANDI WHEELER**

This matter, the Chapter 7 Trustee's Complaint for Turnover and Revocation of Discharge as to Debtor Brandi Wheeler, comes on for trial on January 30, 2007. The Trustee appears by Sarah Newel, his attorney. Defendant Brandi Wheeler appears in person, pro se.

**FINDINGS OF FACT.**

Brandi and Joshua Wheeler filed a pro se Chapter 7 bankruptcy on October 14, 2005. A 341 meeting was conducted on January 17, 2006. At the 341 meeting, Debtors stated that they had filed their 2005 tax returns and would receive a refund. They were advised not to spend any refunds as the Trustee was entitled to a portion of the refund. They were also given a written document at that time advising them not to spend the refund.

On February 2, 2006, the Trustee wrote a letter to the Debtors reminding them not spend any income tax refunds until he had received and reviewed the income tax returns and made a determination if the bankruptcy estate was entitled to a portion of the refund.

The Debtors received their discharge on February 23, 2006.

The Trustee was given copies of the Debtors' 2005 State and Federal Income Tax returns. Debtors received their tax refunds in February 2006. The Federal refund was $6,330.00, and the Kansas refund was $975.00. On April 17, 2006 the Trustee wrote the Debtors and advised them that he was entitled to $5,743.93 of the refunds. This amount is not in dispute.

2

In May of 2006, the Trustee filed a motion to require the Debtors to turn over the $5,743.93 to the Trustee. On June 14, 2006, an order directing that the income tax refunds be turned over to the Trustee was entered.

The refunds were never turned over to the Trustee. On September 14, 2006, the Trustee filed this adversary action seeking turnover and revocation of Debtors' discharge pursuant to 11 U.S.C. § 727(d)(3)[1] for failure to turn over to the Trustee his portion of the 2005 income tax refunds.

Brandi Wheeler filed an answer to the Trustee's complaint, but Joshua Wheeler did not. In her answer, Brandi stated that Joshua spent a majority of the tax refund on illegal drugs. On January 3, 2007, a motion for default judgment was granted against Joshua.

Brandi Wheeler testified, and the Court finds her to be a credible witness. Her testimony established the following. The refunds were directly deposited into Debtors' joint bank account. Before Brandi knew that the refunds had been received, Joshua withdrew the money and spent it on substances that did not benefit Brandi or their three minor children, who were ages 6, 4 and 5 months at the time the parties filed their petition for relief. Brandi filed for a divorce on May 17, 2006, and obtained a protection from abuse order at that time. The parties are now divorced.

---

[1] This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C.§§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

**CONCLUSIONS OF LAW.**

The Trustee advocates that Brandi's discharge should be revoked pursuant to § 727(d)(3), which provides for revocation if the debtor "committed an act specified in subsection (a)(6) of this section." Subsection 727(a)(6) enumerates various acts as a basis to deny discharge. The Trustee relies upon § 727(a)(6)(A), the debtor's refusal "to obey any lawful order of the court, other than an order to respond to a material question or to testify," contending Brandi's discharge should be revoked because she failed to obey the Court's order to turnover the tax refund.

"The purpose of section 727(d)(3) is to make it possible for the debtor to obtain a discharge early in the case but, to protect the estate and creditors, make it revocable if the debtor later refuses to obey an order or answer a question."[2] Under § 727(a)(6)(A), refusal to obey a turnover order issued by the court may be a basis to deny discharge if the order is lawful.[3] However, denial of discharge has been denied when the "failure to comply with an order was due to inability to comply, inadvertence or mistake, as opposed to wilful, intentional disobedience or dereliction."[4]

---

[2] 6 *Collier on Bankruptcy* ¶ 727.15[6](Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2006).

[3] *Id*. at ¶ 727.09[1].

[4] 6 *Collier on Bankruptcy* at ¶ 727.09[1]. The cases relied upon included *Wilmington Trust Co. V. Borg-Warner Acceptance Corp. (In re Jarrell)*, 129 B.R. 29 (Bankr. D. Del. 1991), which held that mere failure to obey an order is an insufficient basis to deny discharge; the failure must be willful or intentional disobedience as opposed to inability, inadvertence, or mistake.

4

The Court finds the order of turnover directed to Debtors lawful. It implements the Tenth Circuit Court of Appeals'[5] ruling that the Chapter 7 debtor's right to receive his or her portion of a federal income tax refund attributable to the prepetition portion of the tax year in which the debtor filed for relief becomes property of the debtor's estate to be delivered to the case trustee for administration. This Court has routinely granted revocation of a discharge in cases where a debtor fails to turn over to the Trustee that portion of the debtor's income tax refund which is property of the estate.

However, under the facts of this case, this Court will not revoke Brandi's discharge. In those cases in which I have revoked a discharge, the debtors either received and spent the refund, thus benefitting from it, or, if they did not receive the refund, they had the ability to obtain it. In this case, an intervening event occurred which caused Brandi to neither receive the refund nor benefit from the refund. Further, Brandi does not have the ability to recover the refund. The foregoing facts establish grounds for denying the Trustee's Complaint to revoke Brandi's discharge.

In conclusion, the Court denies the Complaint. Brandi's actions were not wilful, intentional disobedience of the turnover order. Brandi does not have the ability to comply with the order. Brandi's discharge shall not be revoked and judgment for the amount of the refund will not be entered.

---

[5] *In re Barowsky*, 946 F.2d 1516 (10th Cir. 1991).

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.  A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###